UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                        Chapter 11

WP Realty Acquisition III LLC,                                  Case No. 20-23038-SHL


                                            Debtor.
---------------------------------------------------------------x

**ORDER APPROVING SECOND STALKING HORSE CONTRACT, BREAK-UP FEE AND RELATED BIDDING PROCEDURES**

Upon the motion of WP Realty Acquisition III, LLC (the "Debtor") for entry of an order (i) approving a new proposed contract (the "Second Stalking Horse Contract") for the sale of the Debtor's development property located at 115-117 Cedar Street, New Rochelle, NY (the "Property") pursuant to Contract dated May ___, 2022 with CS Cedar Street LLC or its designee (the "New Stalking Horse") for the sum of $4,800,000, free and clear of all claims, liens, taxes and non-permitted encumbrances pursuant to 11 U.S.C. § 363(b) and (f) and Rules 2002; (ii) approving a two (2%) percent break-up fee ($96,000) in connection with the New Stalking Horse Contract; and (iii) approving proposed bid procedures relating to the solicitation of a higher and better offer (the "Motion") (ECF No. 70); and after hearing from counsel and other parties in interest and it appearing that the New Stalking Horse has completed due diligence without terminating the contract and has increased the deposit per the Notice dated June 13, 2022 (ECF No. 73); and no objections having been filed or raised in connection the Motion; and good and proper notice of the Motion having been given; and a hearing having been held before the undersigned on June 14, 2022; and based upon the record of the hearing which is incorporated herein; and this Court having found that the relief requested in the Motion is proper and in the best interests of the Debtor's estate, it is hereby

**ORDERED THAT:**

(a) The Second Stalking Horse Contract is approved, and the Stalking Horse is granted a break-up fee in the sum of $96,000 equal to approximately two (2%) percent of the purchase price.

(b) The bidding procedures agreed to by the parties as set forth in the Second Stalking Horse Contract (the "Bidding Procedures") are attached to this Order as **Exhibit 1** for clarity and are hereby approved.

(c) The Debtor shall conduct an auction of the Property in accordance with the Bidding Procedures on July 19, 2022.

(d) The Court retains exclusive jurisdiction with respect to all matters arising from or related to the Bidding Procedures, the Auction and the implementation, interpretation, and enforcement of this Order.

(e) The Bankruptcy Court shall conduct a hearing to approve the sale either separately or in conjunction with a hearing to confirm a plan of reorganization on August 10, 2022 at 10:00 a.m.

(f) The mortgage liens of Cedar Street LLC shall attach to the proceeds in its pre-existing order or priority.

Dated: White Plains, New York
       June 17, 2022

*/s/ Sean H. Lane*
United States Bankruptcy Judge

## The Bid Procedures

Bid Deadline – July 15, 2022

Auction –   July 19, 2022

Closing –   No later than 15 days after the Approval Order is entered.

<u>Assets</u>.   The Property together with related rights as set forth in the Second Stalking Horse Contract.

<u>Potential Bids</u>. A competing Bid in writing setting forth proposed purchase price and terms should be sent to Debtor's counsel, Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Fl. New York, New York 10036, Attn: Kevin Nash (kjnash@gwfglaw.com).

<u>Qualification of Bidders</u>. To be eligible to participate in the Auction, each Potential Bidder must provide the following:

   a. An initial overbid in the amount of $4,950,000;

   b. Disclose the identity of the person or entity that is bidding for the Property (the "<u>Bidder</u>") with appropriate contact information and counsel;

   c. Financial information which fairly and reasonably demonstrates the source of the Bidder's ability to close on the purchase of the Property in the amount of its bid;

   d. Contain a signed acknowledgment that the Bidder will be bound by its bid and the representation and statements made in the Qualifying Statement until such bid is rejected by the Debtor;

   e. A good faith deposit in the amount of five (5%) percent of its bid in immediately available funds (as may be increased, the "<u>Deposit</u>"), which Deposit;

   f. A signed acknowledgment that if the Bidder is determined by the Debtor to be the Successful Bidder, subject to the approval of the Bankruptcy Court, it will, within three business days after the Auction, increase the initial Deposit submitted with its bid as necessary to an amount equal to ten percent (10%) of its final bid; and

    g. Execute an executed Asset Purchase Agreement substantially in the form of the Second Stalking Horse Contract annexed to the Motion as Exhibit "A", subject to such modifications as may be made with the consent of the Debtor and further acknowledging that any due diligence deemed required by the Bidder has been completed.

<u>Qualified Bidders and Bids</u>. Potential Bidders who have satisfied the Participation Requirements will be deemed "Qualified Bidders."

<u>Auction Participation</u>. Unless otherwise agreed to by the Debtor, only Qualified Bidders, and their legal or financial professionals are eligible to attend or participate at the Auction.

<u>Auction</u>. The Auction will be conducted by counsel for the Debtor on July 19, 2022.

The Auction shall be governed by the following procedures:

    a. Each Qualified Bidder shall be required to confirm under oath that it has not engaged in any collusion with respect to the bidding.

    b. The bidding shall be in increments of $25,000 after the initial overbid of $4,950,000. The Debtor, in the exercise of its reasonable business judgement, may adjust the amount of the successive bid increments at the Auction.

    c. The Qualified Bidders each expressly acknowledge and agree that in the event that another person or entity is selected as the Successful Bidder but fails to timely tender the Deposit or Additional Deposit or otherwise perform its obligations under these Terms of Sale, the Debtor may contact the second highest or best bidder (the "<u>Second Bidder</u>") to sell the Assets to the Second Bidder without any further notice or further approval of the Bankruptcy Court, without giving credit to the Second Bidder for the initial Successful Bidder's Deposit or Additional Deposit, which deposit(s) shall be forfeited by the initial Successful Bidder, and upon such other terms and conditions as the Debtor deems appropriate in its reasonable business judgment. Thereafter, the Second Bidder shall be deemed for all benefits and obligations to be the Successful Bidder and shall comply with the terms, conditions, and obligations set forth herein and the related documents and order of the Bankruptcy Court.

    d. Deposits submitted by the Qualified Bidders who do not become either the Successful Bidder or the Second Bidder shall be returned as soon as reasonably practicable following the Auction.